UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY CORCEONE | CIVIL ACTION NO. |
| VERSUS | 23-1-SDD-EWD |
| CLAYTON GARING, ET AL. | |

**RULING AND ORDER**

Before the Court is the Request for Extension of Time to Serve All Defendants (the "Motion"), filed by Tiffany Corceone ("Plaintiff").[1] Through the Motion, which was filed in response to the Court's Order to Show Cause why her claims against certain defendants should not be dismissed for failure to timely serve,[2] Plaintiff requests "additional time, up to 30 days, to serve" Defendants Clayton Garing ("Garing") and Gene Gerlt ("Gerlt") (collectively, the "Individual Defendants").[3] Because good cause exists to extend the time for service, Plaintiff's Motion will be granted. Additionally, because the Notice of Removal,[4] filed by Progressive Casualty Insurance Company ("Progressive"),[5] is deficient as to both citizenship and amount in controversy, the parties will be ordered to address those deficiencies, as explained below.

**I.  BACKGROUND**

Plaintiff filed suit against Progressive Insurance Company and the Individual Defendants in Baton Rouge City Court on September 21, 2022 ("Petition").[6] In the Petition, Plaintiff alleges that she was "involved in an automobile accident involving one other vehicle," when the trailer of a vehicle driven by Garing " hit[] the front right passenger side of Plaintiff's vehicle as [Garing]

---

[1] R. Doc. 11
[2] R. Doc. 9.
[3] The Motion contains a detailed explanation as to why additional time is needed to serve the Individual Defendants, which includes an explanation of Plaintiff's efforts to serve the Individual Defendants, as well as the issues she encountered during these efforts. For reasons explained in this Ruling, the Motion will be granted and the April 12, 2023 show cause hearing will be canceled.
[4] R. Doc. 1.
[5] Progressive and the Individual Defendants are collectively referred to as the "Defendants."
[6] R. Doc. 1-4.

attempted to merge in front of [] Plaintiff who was driving straight."[7] As a result of the accident, Plaintiff seeks the following damages: (1) past, present and future pain and suffering; (2) past, present and future mental anguish; (3) past, present and future medical expenses; (4) lost wages and loss of earning capacity; (5) past, present and future loss of enjoyment of life; (6) disability; and (7) any and all other damages that may be proven at trial," which "Plaintiff has a good faith belief…exceed $50,000.00."[8] After some proceedings in Baton Rouge City Court,[9] Progressive removed this matter to this Court, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.[10]

On April 5, 2023, after the parties filed their Joint Status Report,[11] the Court ordered Plaintiff, through counsel, to appear on April 12, 2023 and show cause as to why her claims against Garing and Gerlt should not be dismissed for failure to timely serve under Fed. R. Civ. P. 4(m) and Local Civil Rules 41(b)(1)(A) and/or (B) (the "Show Cause Order").[12] The Show Cause Order also provided that "[a]ny written show cause response may be filed by no later than April 10, 2023."

Plaintiff filed the instant Motion on April 6, 2023, requesting an additional 30 days to perfect service on Garing and Gerlt.[13] In the Motion, Plaintiff's counsel explained that the Petition requested service on Gerlt and Progressive be "held" to give Plaintiff's counsel and Progressive's counsel an "opportunity to negotiate a settlement."[14] After the "negotiations failed to be successful," Plaintiff's counsel "requested service on Progressive [] and requested long arm service on Gerlt," but Progressive removed the matter to this Court before "Plaintiff's counsel could receive a certified copy

---

[7] *Id*. at ¶¶ 3-5. Plaintiff alleges that Progressive Insurance Company "issued a policy of liability insurance" to Gerlt and Garing "for such acts of negligence, and said policy was in full force and effect on the date of the accident sued upon herein." *Id*. at ¶ 7.
[8] *Id*. at ¶¶ 8, 10.
[9] *See* R. Doc. 1, ¶¶ 2(A) – (G) (referring to Progressive's responsive pleadings and dilatory exception of vagueness and ambiguity filed in Baton Rouge City Court, discovery propounded but not responded to prior to removal, etc.).
[10] *Id*. at ¶ 2.
[11] R. Doc. 6.
[12] R. Doc. 9.
[13] R. Doc. 11.
[14] As Progressive notes, Plaintiff's Petition does not request service on Garing.

2

of the Petition to long arm to [] Gerlt's address in Lafayette, Missouri." Plaintiff's counsel explained that after removal, she had to be admitted to practice before this Court before she could serve Defendants, and that she was "finally admitted to practice…on or about February 18, 2023." Thereafter, Plaintiff's counsel asserts she "has been in the process of hiring a Private Process Server in Lafayette, Missouri to have the Defendants served," which has become complicated considering the issue of "whether…the address named in the Crash Report were the Defendant's [sic] current residence." Plaintiff's counsel and Progressive's counsel spoke about the issue, and, as of the date the Motion was filed, Plaintiff's counsel represents that Cotton Investigations, a private process server located in Lafayette, Missouri, has been retained and is "diligently" working with Plaintiff's counsel to get Garing and Gerlt served.[15]

## II. LAW AND ANALYSIS

### A. Plaintiff Has Established Good Cause for an Extension

Rule 4(m) requires the Court, on a motion or on its own after notice to the plaintiff, to "dismiss the action without prejudice against that defendant or order that service be made within a specified time," when the plaintiff fails to serve a defendant within 90 days after the complaint is filed. The Court "must extend the time for service for an appropriate period" if a plaintiff establishes good cause for the failure to effect service within the time set forth in Rule 4(m).[16] Accordingly, "when a district court entertains a motion to extend time for service, it must first determine whether good cause exists."[17] The plaintiff bears the burden of showing good cause as to why service was not timely made.[18] Some "showing of good faith on the part of the party seeking an [extension] and some

---

[15] R. Doc. 11.
[16] Fed. R. Civ. P. 4(m).
[17] *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed.Appx. 688, 692 (5th Cir. 2008), quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[18] *Juge v. Swift Transportation Co., of Arizona, LLC*, No. 17-368, 2019 WL 3526705, at *2 (M.D. La. April 23, 2019), report and recommendation adopted, 2019 WL 5616964 (M.D. La. Aug. 1, 2019). *See also McCoy v. Housing Authority of New Orleans*, No. 15-398, 2015 WL 9204434, at *6 (E.D. La. Dec. 17, 2015).

3

reasonable basis for noncompliance within the time specified is normally required."[19] "Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause."[20]

Plaintiff's explanation as to why Garing and Gerlt have not been served supports a finding of good cause. Specifically, this suit has been pending just over seven months, and was only removed to this Court about four months ago. During that time, Plaintiff, through counsel, appears to have been working in good faith to serve Garing and Gerlt and move this case towards resolution. Indeed, Plaintiff's counsel and Progressive's counsel appear to have been working together to resolve this matter, through settlement negotiations, discovery, and discussions regarding current addresses for Garing and Gerlt. Once this matter was removed, Plaintiff's counsel appears to have acted promptly in getting admitted to practice before this Court, so she could request service on Garing and Gerlt. Further, Plaintiff's counsel represents that a private process server has been retained to assist her in serving Garing and Gerlt in Missouri. Plaintiff's counsel explanation does not show inadvertence, mistake, or ignorance of the rules, which generally do not suffice to show good cause.

Because Plaintiff has established good cause for her failure to serve Garing and Gerlt, Rule 4(m) requires that the time for service be extended for an appropriate period. Plaintiff requested an additional 30 days to perfect service, which is appropriate under the circumstances. Accordingly, Plaintiff's Motion will be granted.

## B. The Notice of Removal is Deficient

Proper information regarding the citizenship of all parties, and the amount in controversy, is

---

[19] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Gartin*, 289 Fed.Appx. at 692; *Juge*, 2019 WL 3526705, at *2.
[20] *Thrasher*, 709 F.3d at 511; *Juge*, 2019 WL 3526705, at *2 *McCoy*, 2015 WL 9024434, at * 6 (all citing *Thompson*, 91 F.3d at 21 ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

4

necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient as to the named defendant, Progressive Insurance Company, the citizenship of Gerlt, and as to the amount in controversy.

### 1. *Progressive Casualty Insurance Company versus Progressive Insurance Company*

In its Notice of Removal, Progressive alleges (1) that Progressive is "incorrectly named in the Petition for Damages as 'Progressive Insurance Company,'" and (2) that Progressive is "incorporated in the State of Ohio and has its principal place of business in Mayfield Village, Ohio."[21] The Notice of Removal properly alleges the citizenship of Progressive.[22] However, Progressive is not currently a named defendant in this suit, and neither the Notice of Removal nor the Petition adequately allege the citizenship of the presently named defendant, Progressive Insurance Company.[23]

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[24] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal

---

[21] R. Doc. 1, at introduction & ¶ 4.
[22] *See* 28 U.S.C. § 1132(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[23] *See* R. Doc. 1 (devoid of any allegations as to the citizenship of Progressive Insurance Company); R. Doc. 1-4, ¶ 1(B) (alleging only that Progressive Insurance Company is "an insurance company licensed to do and doing business in the State of Louisiana, whose registered agent for service of process is the Louisiana Secretary of State").
[24] Emphasis added.

5

proceedings."[25] However, some courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[26]

To the extent Progressive Insurance Company (*i.e.*, the currently named defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of Progressive in the place of Progressive Insurance Company – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[27] As Progressive Insurance Company is the named defendant, Progressive must allege the citizenship of

---

[25] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).

[26] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

[27] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed.Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed.Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this circuit disagrees that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at * 4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove; however, the undersigned considers removal by a non-party to be a waivable procedural defect. Here, Plaintiffs have not filed a motion to remand and the defect has not been timely raised, *see* 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

6

Progressive Insurance Company so that this Court can determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[28] Accordingly, Progressive will be ordered to file a Motion for Leave to Amend Notice of Removal which adequately alleges the citizenship of Progressive Insurance Company.

### 2. *Gerlt's Citizenship is Not Adequately Alleged*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[29] While the citizenships of Plaintiff and Garing are sufficient for diversity purposes,[30] the allegations as to Gerlt are not. In the Petition, Plaintiff alleges Gerlt is, "on information and belief…domiciled in Lafayette, LA," despite later requesting long arm service on Gerlt at an address in "Lafayette, Missouri."[31] In the Notice of Removal, Progressive claims that the allegation that Gerlt is domiciled in "Lafayette, LA…was made in error."[32] Further, Progressive contends it attempted to clarify this issue of Gerlt's domicile through Requests for Admissions of Fact, and Plaintiff "judicially admitted the domicile for [] Gerlt is not Lafayette, Louisiana, but in fact is Fayette, Missouri" because she did not respond to the requests within the delays provided by law. Progressive concludes that Gerlt is "deemed to be a citizen and domiciliary of Missouri for purposes of diversity and removal."

However, the statements in the Notice of Removal are not sufficient to establish Gerlt's citizenship for diversity purposes. As the party invoking the Court's jurisdiction, Progressive must

---

[28] If Progressive Insurance Company does not exist, Progressive must so state in the amended notice of removal.
[29] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[30] In the Notice of Removal, Progressive, relying on the Petition, alleges (1) that Plaintiff is "domiciled" in and a citizen of Louisiana, and (2) that Garing is "domiciled" in and a citizen of Missouri. R. Doc. 1, ¶¶ 3, 5; R. Doc. 1-4, at introduction & ¶ 1(A). These allegations of citizenship are adequate for diversity purposes. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient.").
[31] *Compare* R. Doc. 1-4, ¶ 1(B), with service information on p. 3. *See also* R. Doc. 1-6, p. 2 (accident report listing Gerlt's address in Lafayette, Missouri).
[32] R. Doc. 1, ¶ 6.

7

"distinctly and affirmatively" allege the citizenship of all parties, including Gerlt. By relying on "deemed admitted" Requests for Admission, the statements in the Notice of Removal fall short of being an affirmative allegation of Gerlt's domicile.[33] Accordingly, to properly plead Gerlt's citizenship, Progressive must affirmatively plead Gerlt's domicile.

### 3. Progressive has Not Established that the Amount in Controversy is Met

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[34] The Petition alleges that as a result of the automobile accident between Plaintiff and Garing, she "sustained damages" (listed above), which she "believes in good faith exceed $50,000."[35] Despite this statement, Plaintiff elected to file suit in Baton Rouge City Court which has a jurisdictional limit of $35,000.[36] In its Notice of Removal, Progressive claims the amount in controversy "exceeds the sum of $75,000, exclusive of interest and costs," based (1) the foregoing allegations and categories of damages sought, (2) Plaintiff's failure to include an La. C.C.P. art. 893 allegation in her Petition,[37] and (3) Plaintiff's failure to respond to Progressive's Request for Admission asking Plaintiff to "[a]dmit that the amount in controversy for your claims in this matter, exclusive of interest and costs (as defined and applied for the purposes of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332), exceeds $75,000.00," which results in the request being "deemed admitted" pursuant to La. C.C.P. art. 1467.[38]

---

[33] *See* R. Doc. 1-5, p. 16 (Request for Admission Nos. 2 and 3). In Request for Admission of Fact Nos. 2 and 3, Progressive asks Plaintiff to admit that the "suspected domicile" of Gerlt is not Lafayette, LA but Fayette, MO. Again, even if Plaintiff had responded to the requests, a plaintiff's admission regarding a party's "suspected domicile" is not a "distinct and affirmative" allegation by the removing party as to that party's domicile.
[34] *See* 28 U.S.C. § 1332(a).
[35] R. Doc. 1-4, ¶ 8, 10 (cleaned up).
[36] *See* La. C.C.P. art. 4843(G). Curiously, it does not appear that either Plaintiff or Progressive sought to have this matter transferred to Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, which has a jurisdictional limit over $35,000, prior to removal.
[37] R. Doc. 1, ¶ 2(A).
[38] *Id*. at ¶¶ 2(C) – (E). *See also* R. Doc. 1-5, p. 16 (Request for Admission No. 1)

8

This information relied on by Progressive is not sufficient to establish that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of injuries and demands for general categories of damages (*e.g.*, pain and suffering, mental anguish, medical expenses, lost wages and loss of earning capacity, loss of enjoyment of life; disability; etc.)[39] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[40]

In this case, there is no detailed description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment (if any), the actual amount of medical expenses Plaintiff has incurred thus far (if any), or Plaintiff's prognosis and recommended future treatment. Progressive has not offered any specific medical information regarding Plaintiff's injuries, treatment, prognoses, and expenses in support of the amount in controversy. There is also no evidence of any settlement demand, or other relevant documents, that would have bearing on the amount in controversy.

Further, while a party's failure to timely respond to a request for admission results in the statement being deemed admitted under Louisiana law,[41] such "admissions" "are only one factor a court may consider when determining whether the amount in controversy is sufficient to support federal jurisdiction."[42] "Litigants cannot bestow subject matter jurisdiction on federal courts by

---

[39] R. Doc. 1-4, ¶ 8.
[40] *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[41] La. Code Civ. P. art. 1467.
[42] *Franklin v. Tom Hassel Transport, Inc.*, No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019) (remanding the case to state court for lack of subject matter jurisdiction due to defendant's "failure to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000" because defendant's reliance on "[p]laintiff's untimely response to a request for admission and [p]laintiff's refusal to stipulate [were] insufficient to overcome th[e] dearth of evidence" regarding the value of plaintiff's claims). In *Franklin*, the defendant, relying on *Gayden v. Winn-Dixie Montgomery, Inc.*, No. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014) (holding that that a deemed admitted

9

waiver or consent."[43] In *Jones v. AAA Club Family Ins. Co.*, the Eastern District of Louisiana, faced with the argument that the amount in controversy requirement was met by "plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional minimum," explained that plaintiff's "failure to answer cannot support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed."[44] Here, Plaintiff's failure to respond to Progressive's request for admission about the value of her claims is insufficient to carry Progressive's burden of establishing the amount in controversy by a preponderance of the evidence absent any specific information about the losses or damages claimed.

Likewise, while Plaintiff's failure to include a La. C.C.P. art. 893 statement may be considered,[45] it is not determinative of whether the amount in controversy is met.[46] Progressive has

---

request for admission "qualifies as 'other paper' by the terms of 18 U.S.C. § 1446(c)(3)(A) and triggered the 30-day removal clock"), argued that plaintiff's belated denial of a "request for admission that the amount in controversy is above $75,000" was sufficient to establish the amount in controversy requirement. 2019 WL 2755093, at *3. The *Franklin* Court disagreed, distinguishing *Gayden* as follows: "The issue in *Gayden*, however, was not whether the amount in controversy had been met, but whether the removal was timely." *Id.* For the same reason explained in *Franklin*, *Gayden* is of little utility in determining whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs, in this case.

[43] *Franklin*, 2019 WL 2755093, at *3, citing *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citation omitted).

[44] No. 07-6988, 2007 WL 4365443 (E.D. La. Dec. 10, 2007). In *Jones*, the plaintiff sued for unpaid losses under a homeowner's policy. The court found that the only evidence as to amount in controversy at the time of removal (other than the deemed admission) was that the plaintiff had already been paid about $93,500 in damages. Because there was no specific information about the amount claimed, particularly considering the large offset, the amount in controversy requirement was not met. *Id.* at *1.

[45] *See, e.g., Demoulin v. Labor Smart, Inc.*, No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), report and recommendation approved, No. 17-115, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'"). Accordingly, while Plaintiff's failure to follow Article 893(a)(1)'s mandate is entitled to some weight, that failure is not determinative of whether the amount in controversy is satisfied.

[46] *See Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g.*, *Weber*, 2007 WL 4441261, *4 (omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.)

not yet met its burden of establishing that the amount in controversy is satisfied.[47]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[48]

### III. CONCLUSION AND ORDER

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Request for Extension of Time to Serve All Defendants[49] is **GRANTED** for good cause shown. By no later than **May 11, 2023**, Plaintiff must perfect service on Garing and Gerlt ***and*** file evidence of service into the record in compliance with Fed. R. Civ. P. 4(e).

**IT IS FURTHER ORDERED** that the show cause hearing set for Wednesday, April 12, 2023 at 10:00 a.m. is **CANCELED**.

**IT IS FURTHER ORDERED** that by no later than **April 18, 2023**, Progressive Casualty Insurance Company shall file a motion for leave to file a comprehensive, amended Notice of Removal, that contains all its numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges (1) the citizenship of

---

[47] As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. In keeping with the spirit of the Fifth Circuit's admonition against protective removals, Progressive is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), report and recommendation adopted sub nom., *Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).
[48] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[49] R. Doc. 11.

currently named defendant Progressive Insurance Company, and (2) the citizenship of Defendant Garing, as described in this Order.

**IT IS FURTHER ORDERED** that by no later than **April 25, 2023**, Progressive Casualty Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **May 9, 2023**, Plaintiff shall file either (1) a Notice stating that Plaintiff does not dispute that Progressive Casualty Insurance Company has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand. Additionally, if Plaintiff agrees that Progressive Casualty Insurance Company is the proper defendant, Plaintiff shall file a motion for leave to substitute Progressive Casualty Insurance Company as the proper defendant by no later than **May 9, 2023**.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 11, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**